UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD EARL JAMES,

    Petitioner

v.                                                          Case No.: 8:10-cv-1683-T-24TBM
                                                                   8:03-cr-360-T-24TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause is before the Court upon Petitioner Edward Earl James' amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (CV Doc. No. 4; CR Doc. No. 29).  The Government filed a response in opposition.  (CV Doc. No. 6).  Because a review of the motion, the response, and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will proceed to address the matter without a hearing.

**I.  Background**

Petitioner was charged with two counts of possession with intent to distribute five grams or more of cocaine base.  (CR Doc. No. 1).  He pled guilty to one count (Count One) pursuant to a plea agreement.  (CR Doc. No. 15).  On February 25, 2004, Petitioner was sentenced as a career offender due to his prior convictions for sale of cocaine and resisting an officer with violence.  He was sentenced to 151 months imprisonment, and Count Two of the Indictment was dismissed.  (CR Doc. No. 24).  The Court entered judgment against Petitioner on February 26, 2004.  (CR Doc. No. 24).

Petitioner did not appeal his conviction and sentence. However, more than six years after he was sentenced, Petitioner filed the instant amended § 2255 motion.

## II. Discussion

Petitioner moves to vacate his conviction and sentence on four grounds, all of which are based on his contention that he is actually innocent of being a career offender, because resisting an officer with violence is not a crime of violence that can support a career offender enhancement. Additionally, Petitioner contends that a substantive change in the law occurred with the U.S. Supreme Court's March 2, 2010 decision in Johnson v. United States, 130 S. Ct. 1265 (2010), in which the Court addressed the issue of the types of crimes that are "violent felonies," and as a result, his motion is timely under 28 U.S.C. § 2255(f)(3) and (f)(4).[1]

Even if Petitioner's motion is timely, his argument that his prior offense of resisting an officer with violence is not a crime of violence is wholly without merit. The Eleventh Circuit has addressed this issue in at least four unpublished opinions within the last year, and it has found that such an offense is a crime of violence under the career offender Guideline and that it is a violent felony with respect to ACCA.[2] See U.S. v. Jones, 2010 WL 3995941 (11th Cir. Oct. 13, 2010); U.S. v. Hayes, 2010 WL 3489973 (11th Cir. Sept. 8, 2010); U.S. v. Beltran, 367 Fed. Appx. 984 (11th Cir. 2010); U.S. v. Jackson, 355 Fed. Appx. 297 (11th Cir. 2009). Accordingly,

---

[1]In Johnson, the Supreme Court held that the defendant's prior conviction for battery under Florida law was not a "violent felony" under the Armed Career Criminal Act ("ACCA"). 130 S. Ct. at 1269-74. The same analysis is used to determine if an offense is a "violent felony" under ACCA as is used to determine if the offense is a "crime of violence" under the career offender Guideline. See U.S. v. Alexander, 609 F.3d 1250, 1253 (11th Cir. 2010)(citation omitted); U.S. v. Layton, 356 Fed. Appx. 286, 289 (11th Cir. 2009)(citations omitted).

[2]The Court acknowledges that unpublished opinions are not binding authority; however, they may be cited as persuasive authority.

Petitioner's argument that he is actually innocent of being a career offender has no merit, and as such, his amended § 2255 motion is denied.

### III.  Conclusion

Accordingly, Petitioner's amended § 2255 motion is **DENIED**.  The Clerk is directed to enter judgment against Petitioner in the civil case and then to close that case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of December, 2010.

Copies to:
Counsel of Record
Pro Se Petitioner

SUSAN C. BUCKLEW
United States District Judge

3